IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| | ) Criminal No. 08-365-20 |
| v. | ) |
| | ) |
| BRYAN PATRICK LUCAS, | ) |
| | ) |
| Defendant. | ) |

**MEMORANDUM ORDER**

Pending before the Court is DEFENDANT'S MOTION TO RENEW HIS PREVIOUS MOTION FOR SEVERANCE (Document No. 1146). The government has filed a response in opposition to the motion (Document No. 1150) and it is ripe for disposition.

Factual and Procedural Background

This criminal case involves an alleged drug conspiracy. Thirty-five Defendants were charged in the superseding indictment. Lucas has been detained since November 2008. Numerous extensions of time have been granted, at the request of most of the other Defendants, for the filing of pretrial motions. On January 21, 2009, the Court granted the government's motion for permission to file an omnibus response to the pretrial motions filed by all Defendants. In November 2009, Lucas filed two motions: (1) to sever his case from that of the other Defendants due to prejudial joinder; and (2) for a pre-plea presentence investigation report (PSI) of his criminal history. On November 13, 2009, the Court entered an Order which granted Lucas' motion for a pre-plea PSI and stayed the government's response to the severance motion pending review of the PSI. Lucas has now renewed his motion for severance.

1

In essence, Lucas has restated the contentions in his initial motion for relief from prejudicial joinder.  He recognizes that the government's case against him includes phone calls with co-defendants Nicholas Mihelcic and Anthony Terry but argues that there is no information to show that Lucas had contact with any other member(s) of the alleged conspiracy.  Lucas contends that he would be prejudiced by being "lumped in" for trial with other persons whom he does not know and with whom he had no drug-related connection.  Lucas further contends that although the delay of the trial in this case is "technically proper," the passage of time has resulted in a lengthy period of pretrial detention and has prejudicially deprived him of his right to a speedy disposition of his case.  Finally, Lucas asserts that he cannot financially afford to pay his attorney to sit through a two-month trial, when only a day or two will be devoted to his guilt or innocence.

The government has filed a comprehensive response in opposition to Lucas' motion for severance.  As background, the government states that the indictment in this case was the result of a large-scale, multi-agency investigation into drug trafficking in the Brookline-Beltzhoover-Mount Washington areas of Pittsburgh, Pennsylvania.  The investigation began with several controlled purchases of cocaine by confidential informants and culminated in wiretap intercepts of five cell phones.  The government contends that the intercepted phone calls demonstrate that the alleged co-conspirators obtained large quantities of cocaine, cooked some of it into crack, fraudulently obtained prescriptions for oxycontin, percoset, vicodin and xanax, and distributed those drugs illegally.  Lucas is charged in the superseding indictment with conspiracy to distribute both the cocaine (Count 1) and the prescription drugs (Count 27).

The government contends that Lucas' motion for severance is based on a fundamental

misunderstanding of federal drug conspiracy law, in that it is not necessary for the prosecution to prove that Lucas knew all of the goals, details, drug quantities, and participants in the conspiracy. The prosecution points out that the superseding indictment complies with Fed. R. Crim. P. 8(b) (Joinder of Offenses or Defendants)[1] and that each defendant need not be charged in each count of an indictment. The government further argues that the Court, in exercising its discretion in ruling on a motion to sever, should be mindful that the public interest in judicial economy favors joint trials where the same evidence would be presented at separate trials charged in the same conspiracy. Finally, the government suggests that the evidence against Lucas will demonstrate at trial that he was more involved in the drug conspiracy than he has claimed in his motion. In sum, the government contends that it would be logical, efficient and appropriate to have one trial for all of the alleged co-conspirators and opposes Lucas' request for a separate trial.

Legal Analysis

> Federal Rule of Criminal Procedure 14 (Relief from Prejudicial Joinder) states:
>
> (a) Relief. If the joinder of offenses or defendants in an indictment, an information, or a consolidation for trial appears to prejudice a defendant or the government, the court may order separate trials of counts, sever the defendants' trials, or provide any other relief that justice requires.

The burden to show prejudice from the joinder of offenses or persons is on the defendant seeking severance. *United States v. De Peri*, 778 F.2d 963, 983 (3d Cir.1985). In *United States v. Eufrasio*, 935 F.2d 553, 568 (3d Cir. 1991) (citations omitted), the Court of Appeals has provided guidance as to the exercise of the district court's discretion in resolving a motion for

---

[1] Lucas has not challenged the validity of his joinder in the superseding indictment.

severance:

> [A] trial court should balance the public interest in joint trials against the possibility of prejudice inherent in the joinder of defendants. Ordinarily, defendants jointly indicted should be tried together to conserve judicial resources. The public interest in judicial economy favors joint trials where the same evidence would be presented at separate trials of defendants charged with a single conspiracy.

"Neither a disparity in evidence, nor introducing evidence more damaging to one defendant than others entitles seemingly less culpable defendants to severance." *Id.* (citations omitted). Similarly, in *Zafiro v. United States*, 506 U.S. 534, 538-39 (1993), the United States Supreme Court explained that " Rule 14 does not require severance even if prejudice is shown; rather, it leaves the tailoring of the relief to be granted, if any, to the district court's sound discretion." The Supreme Court further commented that "a district court should grant a severance under Rule 14 only if there is a serious risk that a joint trial would compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence." *Id.* at 539. The Court noted that "less drastic measures, such as limiting instructions, often will suffice to cure any risk of prejudice." *Id.* "Defendants are not entitled to severance merely because they may have a better chance of acquittal in separate trials." *Id.* at 540. There is a presumption against severing charges or defendants that are indicted together, especially in cases involving a conspiracy charge, unless the defendants can show that the trial would be manifestly unfair. *Virgin Islands v. Sanes,* 57 F.3d 338, 341-42 (3d Cir. 1995). If the government has charged conspiracy in good faith, then that allegation alone is sufficient reason for trying conspiracy and all substantive offenses together. *United States v. Sharma*, 190 F.3d 220, 230 (3d Cir. 1999).

The Court concludes that Lucas has not demonstrated sufficient prejudice to be entitled to

a separate trial under the facts and circumstances of this case. This case involves an alleged drug conspiracy with numerous defendants. The government has correctly summarized the principles of law regarding proof of conspiracy in its brief in opposition to the motion for severance. *See, e.g., United States v. Gibbs*, 190 F.3d 188, 190-91 (3d Cir. 1999). The gravamen of a drug conspiracy offense is a defendant's <u>agreement</u> to distribute drugs and the government need not prove that a defendant knew the total amount of drugs involved in the conspiracy or that he knew all of the other alleged co-conspirators. Much of the evidence that will be presented by the government at trial will be overlapping – that is, it is relevant to both Lucas and his alleged co-conspirators. The Court cannot agree with Lucas' assertion that it would be more efficient to have a separate trial for him. To the contrary, judicial economy favors a joint trial rather than requiring the prosecution to present much of the same evidence and witnesses in multiple, separate proceedings. It is unlikely that Lucas will be required to sit through a substantial amount of irrelevant evidence, as he is charged with conspiracy regarding both the cocaine and the prescription drugs. Lucas may rest assured that the jury will be instructed to consider each defendant's guilt or innocence on his/her own merits.

Moreover, Lucas has made only generalized allegations and has not articulated any specific, clear or substantial prejudice that would result from a joint trial. To the extent that such prejudice arises, Lucas will be entitled to bring it to the Court's attention and the Court will consider, at that time, whether severance and/or other curative steps may be warranted. However, at this time, Lucas has fallen far short of his burden to demonstrate that his trial should be severed from that of the other alleged co-conspirators.

In accordance with the foregoing, DEFENDANT'S MOTION TO RENEW HIS PREVIOUS MOTION FOR SEVERANCE (Document No. 1146) is **DENIED**.

SO ORDERED this 29th day of March, 2010.

BY THE COURT:

s/ Terrence F. McVerry
United States District Court Judge

cc:    Troy Rivetti, Assistant U.S. Attorney
Email: Troy.Rivetti@usdoj.gov

Craig W. Haller, Assistant U.S. Attorney
Email: craig.haller@usdoj.gov

Gary B. Zimmerman, Esquire
Email: garybzim@aol.com